# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WESLEY JEFFERSON,
ADC #104933                                                                                          PLAINTIFF

v.                                      5:19-cv-00204-JM-JJV

KEITH WADDLE, Disciplinary Hearing Officer,
Central Administration Office, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.  DISCUSSION**

Wesley Jefferson ("Plaintiff") is a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants Disciplinary Hearing Officer Keith Waddle, Warden James Gibson, Disciplinary Hearing and Internal Affairs Administrator Lorrie Taylor, ADC Director Wendy Kelley, and ADC Deputy Director Dexter Payne violated his due process rights when they failed to conduct a proper investigation, found him guilty of disciplinary infractions, and denied his grievances regarding an altercation he had with a correctional officer at the Varner Unit on August 21, 2017. (Doc. No. 2.) Plaintiff raised these claims in a prior lawsuit, and the court dismissed them without prejudice, during screening, for failure to state a claim upon which relief may be granted.[1] *See Jefferson v. Waddle*, 5:18-cv-200-JM-JJV, 2018 WL 4903251 (E.D. Ark. Oct. 9, 2018) (unpublished order), *summarily aff'd* 2019 WL 2453898 (8th Cir. Apr. 29, 2019) (unpublished judgment).

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

The doctrine of res judicata does not apply to claims dismissed without prejudice during screening. *Pohlmann v. Bil–Jax, Inc.,* 176 F.3d 1110, 1112 (8th Cir. 1999); *Waller v. Groose,* 38 F.3d 1007, 1008 (8th Cir. 1994). But, a court may dismiss such repeated claims as frivolous. *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993). And, Plaintiff's Complaint does not contain any additional facts or allegations that would cause me to reconsider the court's prior determination that he has failed to state a claim upon which relief may be granted against Defendants Waddle, Gibson, Taylor, Kelley, and Payne. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (no right to due process protections during prison disciplinary proceedings unless there is a liberty interest at stake); *Persechini v. Callaway*, 651 F.3d 802, 807 (8th Cir. 2011) (no liberty interest in rehabilitative or other "discretionary prison programs"); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (no constitutional right to enforce prison rules and regulations); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (no liberty interest in maintaining prison classification level); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 (8th Cir. 1996) (no liberty interest in avoiding thirty days in punitive isolation and the accompanying loss of privileges); *Buckely v. Barlow*, 997 F.2d 494, 496 (8th Cir. 1993) (no constitutional right to a prison grievance procedure); *Brown v. Frey,* 889 F.2d 159, 170-71 (8th Cir. 1989) (no constitutional right to an internal prison investigation).

II. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.  The Complaint (Doc. No. 2) be DISMISSED without prejudice as frivolous and failing to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 25th day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."